UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JAMES HOWARD GALLAHER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Nos. 3:20-cv-00248-BLW & 3:20-cv-00249-BLW<br><br>Crim Nos. 3:18-cr-00322-BLW & 3:19-cr-00173<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is *pro se* Petitioner James Howard Gallaher's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1)[1] to which the Government has filed a Response (Civ. Dkt. 9). Having reviewed the record, the Court has determined that the evidence is sufficient for a decision on this matter and an evidentiary hearing is not necessary. For the reasons explained below, the Court will deny Gallaher's motion.

## BACKGROUND

---

[1] For consistency, all references will be made to Civil Case No. 3:20-cv-00248 and the underlying Criminal Case No. 3:18-cr-0322.

MEMORANDUM DECISION AND ORDER - 1

On August 20, 2019, Gallaher pled guilty to Possession of a Stolen Firearm, in violation of 18 U.S.C. § 922(i) and 924(a)(2) and Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Crim. Dkt. 28. According to the signed plea agreement, Gallaher admitted to conspiring, enticing, and agreeing with Marcella Moore to steal hydrocodone pills from the pharmacy where Moore worked as a pharmacy technician in 2017. *Plea Agreement*, Crim. Dkt. 24 at 3. Over the course of the conspiracy, Gallaher received at least five bottles of hydrocodone pills, each containing 500 ten milligram hydrocodone pills. Gallaher admitted to entering into an agreement with Moore and others to possess with the intent to distribute these pills. *Id*.

On July 19, 2018, Gallaher was arrested while occupying a vehicle. In signing the plea agreement, Gallaher admitted to possessing a Ruger, model P95, 9mm pistol found next to the driver's seat. *Plea Agreement* at 3. Gallaher further admitted that he knew the firearm was stolen, that it travelled in interstate or foreign commerce, and that he was prohibited from possessing any firearm due to a previous conviction. *Id*. Gallaher was originally Indicted as a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Crim. Dkt. 1. As part of the plea agreement, Gallaher instead pled to the Superseding Information of Possession of a Stolen Firearm. Crim. Dkt. 27.

Gallaher has a lengthy criminal history and has been involved in the criminal justice system since at least age 12. Crim. Dkt. 36 at 9-16. At the time of his arrest, Gallaher faced multiple criminal charges in both state and federal courts. To resolve these matters, counsel negotiated with the Government a joint-recommendation of 120 months imprisonment which took into consideration Gallaher's circumstances and pending charges. During sentencing, counsel and the Government disclosed to the Court that other jurisdictions had agreed to dismiss charges or alternatively run the sentences concurrently based upon the federal resolution. Crim. Dkt. 43 at 5.

At the change of plea hearing, Gallaher acknowledged and reaffirmed the facts that served as the basis of the plea agreement. *See* Crim. Dkt. 45. He also affirmed that he understood plea agreement, the charges against him, and that he was waiving many of his appellate rights. *Id*. On February 25, 2020, the Court accepted the parties' joint-recommendation and Gallaher was sentenced to 120 months imprisonment. Crim. Dkt. 39.

On May 22, 2020, Gallaher timely filed the pending § 2255 motion alleging four claims: (1) he received ineffective assistance of counsel, (2) the plea agreement was invalid, (3) new evidence, and (4) his sentence exceeded the statutory guideline range.

In response to the Government's Motion for an Order Concerning Attorney-Client Privilege, this Court authorized a limited waiver of the attorney-client privilege in *See* Civ. Dkts. 4, 7. In response, Gallaher's counsel submitted an affidavit in which she attests that Gallaher sought to pursue a "global resolution" to his pending state and federal charges. *Attachment A*, Civ. Dkt. 9. She further attests that she discussed with Gallaher the merits of the Governments case and the options he had, including the plea agreement. *Id*.

Counsel communicated with Gallaher both in person and over the phone. *Attachment A* at 4. She explained to Gallaher the benefits he would receive upon pleading guilty, which included the dismissal of any state detainer, which would allow him to participate in programming while in custody. *Id* at 3. Furthermore, an agreement with state prosecutors would result in any state sentence running concurrently with, and expire before, Gallaher's federal sentence. And, by negotiating the felon in possession of a stolen firearm charge down to simple possession of a stolen firearm, Gallaher would become eligible for the Residential Drug Abuse Program (RDAP) in custody. *Id*.

## LEGAL STANDARD

1.     **28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court

may grant relief to a federal prisoner who challenges the imposition or length of his incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and

MEMORANDUM DECISION AND ORDER - 5

motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazier v. United States*, 18 F.3d 778, 781 (9th Cir. 1994). In determining whether a § 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *Withers*, 638 F.3d at 1062.

**2.      Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 688, 694. *See also Bell v. Cone*, 535

U.S. 685, 695 (2002).

The Court must apply a strong presumption that counsel's representation fell within the "wide range" of reasonable professional assistance. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). "The defendant bears the burden of overcoming the strong presumption that counsel performed adequately." *Cheney v. Washington*, 614 F.3d 987, 995 (9th Cir. 2010). Furthermore, mere conclusory allegations alone are insufficient to state a claim of ineffective assistance of counsel. *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In evaluating an ineffective assistance of counsel claim, the Court may consider the performance and prejudice components of the Strickland test in either order. *See Strickland*, 466 U.S. at 697. The Court need not consider one component if there is an insufficient showing of the other. *Id*.

## ANALYSIS

**1.    Procedural Default**

Generally, a petitioner collaterally attacking his conviction or sentence procedurally defaults his claims by failing to raise them on direct appeal, unless he can show cause and prejudice or actual innocence in response to the default. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003), *cert. denied*, 543 U.S. 853 (2004) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1988)). However,

claims of ineffective assistance of counsel are exempted from the procedural default rule. *Massaro v. United States*, 538 U.S. 500, 504 (2003). Such claims are more appropriately brought in a § 2255 proceeding than on appeal because they generally require development of a factual record beyond the trial record. *Id*. at 504–05.

Here, Gallaher did not file a direct appeal of his conviction or his sentence. Civ. Dkt. 1 at 1. Gallaher has not asserted cause apart from his assertion that he was misguided into waiving his appellate rights and that he did not have communication with his attorney. *Id*. at 7–8, 11, 14. In essence, these are ineffective assistance of counsel allegations which will be addressed below.

Gallaher challenges the voluntariness of his plea, but the record does not support this claim. By signing the plea agreement, Gallaher expressly agreed to "waive[] any right to appeal or collaterally attack the entry of the plea, the conviction, the entry of judgment, and the sentence." *Plea Agreement* at 8. Furthermore, Gallaher expressly acknowledged that the waiver would result in the dismissal of any direct appeal or collateral attack challenging his plea, and such action would constitute a breach of the agreement. *Id*. at 9. He affirmed in writing that he "carefully read and reviewed every part of [the] agreement with [his] attorney" and that he "discussed all of [his] rights with [his] attorney and that [he]

**MEMORANDUM DECISION AND ORDER - 8**

understood those rights." *Id*. at 13. His affirmation is substantiated by counsel's affidavit, in which she attests that she discussed with Gallaher his concerns about the plea agreement, but that he ultimately chose to plead guilty to achieve a global resolution to the pending charges. *Attachment A* at 2. Counsel also notes that Gallaher had no trouble understanding the agreement as he "is very bright." *Id*. at 4. At his change of plea hearing, Gallaher further verbally attested to the voluntary nature of the plea and confirmed that he understood he was waiving his appellate rights. Crim. Dkt. 45 at 12. "These solemn declarations made in open court carry a strong presumption of verity." *United States v. Rivera-Ramirez*, 715 F.2d 453, 458 (9th Cir. 1983). Indeed, the record fully supports the validity of Gallaher's waiver. *See United States v. Harris*, 628 F.3d 1203, 1206 (9th Cir. 2011).

     Furthermore, despite claiming the existence of new evidence proving he "had no involvement in any conspiracy," Gallaher simply disputes his guilt by contradicting facts that served the basis of his voluntary and knowledgeable plea. Civ. Dkt. 1 at 10. Because Gallaher has provided no support showing actual innocence, his claim is waived. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) ("While we do not hold that [Petitioner's] waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver. . .the question of the

**MEMORANDUM DECISION AND ORDER - 9**

degree of his culpability is an issue clearly contemplated by, and subject to, his plea agreement waiver") (internal citations omitted).

Having presented no supporting evidence showing cause and prejudice or actual innocence, the Court finds that Claims (2), (3), and (4) are procedurally barred. As such, the Court will proceed to the merits on Claim (1).

## 2.  Ineffective Assistance of Counsel Claims

Gallaher claims ineffective assistance of counsel on four grounds: (1) his counsel never filed pretrial motions and failed to "mount any kind of defense," (2) his counsel "talked [him] into a deal" above his sentencing guideline range, (3) his counsel failed to advise him of all the elements of conspiracy, and (4) his counsel told him he would receive a year off of his sentence through participation in the RDAP program. *See* Civ. Dkt. 1. The gravamen of Gallaher's complaint is that his counsel misguided him into pleading guilty by relying heavily on the federal and state prosecutors' recommendations. The record does not support his claims.

### A) Counsel's Strategy

Gallaher claims that his counsel failed to mount a defense by failing to file pretrial motions or conduct "*Brady* interviews of any witnesses." Civ. Dkt. 1 at 4. However, in her affidavit, counsel attests that she reviewed discovery and discussed pretrial motions and witnesses with Gallaher. *Attachment A* at 1.

**MEMORANDUM DECISION AND ORDER - 10**

Ultimately, Gallaher's goal of pursuing a global resolution to his outstanding federal and state charges informed counsel's decision to proceed with a settlement. *Id*. Pursuant to his goal, counsel properly discussed with Gallaher his concerns and advised him on his options and the implications of his pending state and federal matters. Furthermore, Gallaher admitted, and counsel affirms, that there was a factual basis for his guilty plea. Although Gallaher now asserts the contrary, an evidentiary hearing is not required where the issue of credibility "may be conclusively decided on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

    Moreover, counsel's negotiations with federal and state prosecutors achieved the global resolution Gallaher sought. By pleading guilty, Gallaher's state charges in Nez Perce County were dismissed, and his Asotin County sentence ran concurrently with, and will expire before, his federal sentence. Furthermore, by eliminating pending state detainers, Gallaher became eligible for programming in custody. *Attachment A* at 3. All state matters are to conclude when Gallaher

**MEMORANDUM DECISION AND ORDER - 11**

completes his federal sentence. In that light, the Court cannot conclude ineffectiveness, especially where Gallaher received the resolution he sought.

### B) Sentence Recommendation

Gallaher claims his counsel was ineffective in agreeing to a sentence purportedly above his sentencing guideline range.[2] As explained, Gallaher has a lengthy criminal history and faced multiple federal and state charges. Based on these considerations, counsel and the Government jointly agreed to recommend Gallaher's imposed sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). *Plea Agreement* at 1. That the sentence may have been above the advisory guideline range does not mean counsel's performance was deficient. Gallaher affirmed his understanding of the plea agreement, which expressly, and in bolded font, detailed the joint-recommendation. *Id*. Furthermore, at the plea hearing, the Court confirmed that the sentencing guidelines were advisory and, while the Court must consider the guidelines, it was not required to impose the

---

[2] The prepared Sentencing Recommendation determined that Gallaher's guideline provisions were 70-87 months for his offenses. Crim. Dkt. 37.

**MEMORANDUM DECISION AND ORDER - 12**

exact sentence the guidelines may indicate as appropriate. Crim. Dkt. 45 at 12–13. Gallaher still pled guilty.

Even assuming arguendo that Gallaher could establish deficient performance in this respect, he cannot show that "but for counsel's unprofessional errors, the results of the proceedings would have been different." *Strickland*, 466 U.S. at 694. To the contrary, given Gallaher's lengthy criminal history and multiple state charges, it is likely he would have received a more severe outcome if the state charges were pursued and he received sentences on those charges which ran consecutive to his federal sentence. At the very least, without resolving Gallaher's state matters and pleading guilty to simple possession of a stolen firearm, he would not have been eligible for prison programming, which he claims was a "major factor" in his decision to plead guilty. Civ. Dkt. 1 at 6.

### C) Elements of Conspiracy

Gallaher claims that he was not fully advised on the elements of conspiracy. The record belies this claim. The plea agreement – which he read and signed – expressly outlined the elements of conspiracy to distribute a controlled substance. *Plea Agreement* at 2. He further affirmed his understanding of the elements in his plea colloquy with the Court. Crim. Dkt. 45 at 4–8; *Rivera-Ramirez*, 715 F.2d at 458. Moreover, counsel had several conversations with Gallaher about his case

**MEMORANDUM DECISION AND ORDER - 13**

both in phone and in person. *Attachment A* at 4. Therefore, Gallaher's claim that he was not properly advised is completely without merit.

### D) Residential Drug Abuse Program

Last, Gallaher claims his counsel misled him into believing he would receive a year off his sentence for his participation in RDAP and claims that this belief was a "major factor" in his agreement to plead guilty. Civ. Dkt. 1 at 6. To the contrary, counsel fully informed Gallaher that the Federal Bureau of Prisons was responsible for determining whether he is eligible for the program and that his participation was no guarantee. *Attachment A* at 3. In fact, counsel's negotiations directly led to the Gallaher's RDAP eligibility, as his original charge of a felon in possession of a stolen firearm would have rendered him ineligible. *Id*. That Gallaher ultimately was not chosen for the program has no bearing on counsel's performance.

## CONCLUSION

Gallaher's conclusory allegations, unsupported by the record, are insufficient to state a claim of ineffective assistance of counsel. His other claims are procedurally barred. Accordingly, the Court finds that it plainly appears from the face of the § 2255 Motion, together with the Government's Response and record, that Gallaher's allegations lack in merit and he is not entitled to relief.

## ORDER

NOW THERFORE IT IS HEREBY ORDERED THAT the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Dkt. 1) is **DISMISSED** with prejudice.

DATED: February 3, 2021

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 15